UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SPEED DRY, INC.,

        Plaintiff,

v.                                        Case No: 6:18-cv-837-Orl-40DCI

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

This matter is before the Court without oral argument on Plaintiff Speed Dry, Inc.'s Motion to Remand (Doc. 10) and Defendant Liberty Mutual Fire Insurance Company's Response in Opposition (Doc. 15). With briefing complete, the matter is ripe. Upon due consideration, the Motion to Remand is due to be granted.

### I.    BACKGROUND

This breach of contract action arises out of a July 22, 2016, "water loss" at Solaire at the Plaza Condominium Association, Inc. ("**SPCA**"). (Doc. 2, ¶ 4 ("**Complaint**")). Plaintiff Speed Dry, Inc. ("**Speed Dry**") was retained by SPCA to perform remediation services after the incident. (*Id.* ¶ 5). Speed Dry avers that it performed under its contract with SPCA and is entitled to recover under an insurance policy issued by Liberty Mutual Fire Insurance Company ("**Liberty Mutual**"), who refused to pay Speed Dry's $27,903.25 "Emergency Services" bill. (Doc. 2, ¶¶ 7–8; Doc. 2-2). Speed Dry then filed the Complaint in Florida state court on February 1, 2018, seeking "damages of $27,903.25, plus interest, attorney fees[,] and costs." (Doc. 2, ¶ 1).

Liberty Mutual filed its Notice of Removal in this Court on May 30, 2018, after receiving a "Restoration Services" estimate from Speed Dry totaling $330,213.00, which put Liberty Mutual on notice that the amount-in-controversy requirement for diversity jurisdiction was met. (Doc. 1). Speed Dry now moves to remand this action to state court, asserting that it only seeks payment of the $27,903.25 "Emergency Services" invoice in this action. (Doc. 10).

## II. DISCUSSION

Speed Dry asserts that Liberty Mutual's removal of this action was improper because the amount in controversy does not meet the jurisdictional minimum.[1] (Doc. 10). Speed Dry proffers that it is only seeking payment of the $27,903.25 invoice attached to the Complaint (Doc. 2-2), and that this amount falls well below the $75,000 jurisdictional minimum. (Doc. 10, p. 2). Liberty Mutual counters that the jurisdictional minimum is met, as shown by the "Restoration Services" estimate totaling $330,213.00, which Speed Dry produced in response to a request for production. (Doc. 1-4, pp. 9–19; Doc. 15, p. 3).

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In this case, Defendant removed the action because it believes the parties' controversy lies within the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

---

[1] Speed Dry also contends removal was untimely. The Court does not reach the timeliness argument, however, because the failure of the amount-in-controversy requirement is fatal to Liberty Mutual's removal. *See infra*.

2

Diversity jurisdiction is proper where the parties are completely diverse[2] and the amount in controversy exceeds $75,000.00. *See id.*

The removing defendant bears the burden of establishing federal jurisdiction. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). To that end, where the amount in controversy is contested, the defendant "bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014). Defendants may introduce "affidavits, declarations, or other documentation" to show that the amount-in-controversy requirement is met. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 753.

Subject matter jurisdiction must be assessed at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Because removal from a state court infringes state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Upon review, Liberty Mutual fails to establish by a preponderance of the evidence that the jurisdictional minimum is met. Liberty Mutual's contention that the $75,000 jurisdictional minimum is met rests solely on the $303,213.00 "Restoration Services" estimate provided to Liberty Mutual in response to a request for production. That estimate was produced in response to an omnibus request for documents, which sought, among

---

[2] Complete diversity requires that the citizenship of every plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The parties do not dispute that complete diversity of citizenship exists.

other things, "[a]ll documents and records relating to any aspect of the insurance claim submitted to any insurance company as a result of the subject loss." (Doc. 1-4, p. 3).[3] There is no indication that Speed Dry is seeking payment for the "Restoration Services" estimate in this action. To the contrary, the record makes clear that Speed Dry only seeks $27,903.25 for emergency services. The Complaint specifies that "[t]his is an action for damages of $27,903.25 plus interest, attorney fees[,] and costs." (Doc. 2, ¶ 1). Likewise, Speed Dry's Answers to Interrogatories provide that the only damages claimed by Speed Dry are listed on the emergency services invoice, making no mention of restoration services. (Doc. 10-1, p. 3; Doc. 10-2, p. 2). Simply put, Speed Dry is not pursuing payment for "Restoration Services" at this point. Therefore, the jurisdictional minimum for diversity is not met.

Liberty Mutual fails to identify caselaw supporting its assertion that amounts set forth in a billing estimate can be counted towards the amount "in controversy" when payment of the estimate is not actively pursued. In *Ministerio Evangelistico International v. United Specialty Insurance Co.*, No. 16-25313-CIV, 2017 WL 1187894 (S.D. Fla. Mar. 30, 2017), a case cited by Liberty Mutual, the district court found that the jurisdictional minimum was met where the plaintiff's "discovery responses indicate[d] that [a $104,362.35] estimate reflect[ed] the amount of damages being claimed." *Id.* at *1. Liberty Mutual has not shown that the $330,213.00 "reflects the amount of damages being claimed." *See Ministerio*, 2017 WL 1187894, at *1. Similarly, Liberty Mutual's invocation of the straightforward principle that courts may consider documents that establish a

---

[3] The request for production also sought "[a]ll documents referencing any claimed repairs to the insured property." (*Id.* at p. 2). Plaintiff's response does not specify to which production request the "Restoration Services" estimate was responsive.

4

plaintiff's valuation of its claim when assessing the amount in controversy, *see McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008), does not alter the Court's analysis.

The Court is cognizant that it may not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770. However, the Court is also not free to ignore Speed Dry's representations and speculate that it will seek to recover payment for services that it is not actively pursuing.[4]

### III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Remand (Doc. 10) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

3. The Clerk of Court is **DIRECTED** to send a certified copy of this Order to the Clerk of Court for the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

4. The Clerk of Court is thereafter **DIRECTED** to terminate all pending deadlines and close the file.

**DONE AND ORDERED** in Orlando, Florida on August 16, 2018.

---

[4] If Speed Dry files an Amended Complaint or otherwise brings the "Restoration Services" estimate into controversy, Liberty Mutual is free to file a second notice of removal at that time. *See Watson v. Carnival Corp.*, 436 F. App'x 954, 956 (11th Cir. 2011) (per curiam) ("[A] defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal." (emphasis omitted)); *see also Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties